STATE OF MONTANA,
           Plaintiff,

NO. DC 91-159(B)

      vs.

DECISION

BILLY RAY MCKINNEY, JR.
           Defendant.

On July 5, 1994, the Defendant was sentenced to ten (10) years at Montana State Prison for the crime of theft after a previous sentence for this offense was revoked because defendant violated the conditions of his probation by committing the offense of Sexual Assault, a Felony, as charged in Cause No. DC 93-107(B). Credit is given for eight (8) days served in Flathead Co. Detention Center. The defendant is considered ineligible for parole until he successfully completes all phases of the sex offender treatment program available at Montana State Prison and follows all resulting recommendations to the satisfaction of his probation officer. The defendant is to be considered a dangerous offender for purposes of parole eligibility. Should the defendant be granted parole he must continue paying restitution to his victims in this matter as a condition of his being released from custody.

On October 13, 1994, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and was represented by Neil Leitch, attorney from Missoula. The state was not represented.

The Honorable Ted O. Lympus abstained from hearing this case as he was the County Attorney at the time the original charge was initiated.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence, to affirm it, or to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence will be amended to remove the dangerous designation on the sentence for theft. All other conditions shall remain the same as originally imposed.

The reason for the decision is the crime for theft is a property crime not involving violence, per se. Therefore the dangerous designation is not appropriate.

Done in open Court this 13th day of October, 1994.

SIGNED this 21st day of November, 1994.

    **Hon. G. Todd Baugh, Chairman, and Hon. John Warner, Member.**

The Sentence Review Board wishes to thank Neil Leitch, attorney from Missoula, for his assistance to the defendant and to this Court.